UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON POOLE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-00413-TWP-TAB |
| ) | |
| A. VAWTER, MR. ROBBINS, BRIAN SMITH, ) | |
| MR. PENFO, SGT. K. CORK, MAJOR WAGNER, ) | |
| MR. HARTZELL and INTERNAL AFFAIRS ) | |
| INVESTIGATOR STILWELL, ) | |
| ) | |
| Defendants. ) | |

**ENTRY REGARDING COMPLAINT, DISMISSING INSUFFICIENT CLAIMS, AND DIRECTING SERVICE OF PROCESS**

**I.   BACKGROUND**

Because Plaintiff Jason Poole, Jr. ("Mr. Poole") is a "prisoner" as defined by 28 U.S.C. ′ 1915(h), the Court has screened his Complaint as required by 28 U.S.C. ′ 1915A(b).  On March 11, 2013, Mr. Poole filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that the defendants, violated his constitutionally protected rights during the time he was incarcerated at the Plainfield Correctional Facility. Mr. Poole names eight defendants: 1) Correctional Officer A. Vawter; 2) Unit Team Manager Mr. Robbins (also referred to by Mr. Poole as "Tie Robbies," "Ty Robson," and "Tie Robbieson"); 3) Superintendent Brian Smith; 4) Mr. Penfo; 5) Sgt. K. Cork; 6) Major Wagner; 7) Mr. Hartzell; and 8) Internal Affairs Investigator Stilwell.  He seeks monetary damages and injunctive relief.

Through several entries, the Court has directed Mr. Poole to supplement his claims by providing: 1) a list of the defendant(s) he intends to sue in this action, 2) a short description of the unlawful conduct each defendant participated in, and 3) when and where it occurred.  Mr. Poole filed supplements on June 7, 2013 (Dkt. 12-1) and on October 2, 2013 (Dkts. 21-29).

The Complaint, as supplemented, is now subject to the screening requirement of 28 U.S.C. § 1915A(b).  This statute directs that the court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

"A complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'"  *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. DISCUSSION

### A.  Claims against Mr. Robbins

The claim against Mr. Robbins, "Tie Robbies," "Ty Robson," or "Tie Robbieson" is **dismissed** for failure to state a claim upon which relief can be granted**.**  Mr. Poole alleges that this defendant told prison staff not to give him any more grievance forms because Mr. Renfro's desk had been flooded with grievances.  As explained in *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996), "any right to a grievance procedure is a procedural right, not a substantive one."

### B.  Claims against Superintendent Smith, Mr. Renfro, Major Wagner, Investigator Stillwell and Mr. Hartzell

The claims against Superintendent Smith, Mr. Renfro, Major Wagner, Investigator Stillwell, and Mr. Hartzell are **dismissed** for failure to state a claim upon which relief can be granted. As to each of these defendants, none are alleged to have participated in any constitutional violations.  Mr. Poole allegedly talked or tried to talk to each of them at various

times about problems he was having with two correctional officers and asked them to help. He alleges that these individuals did nothing to investigate. This does not state a claim for relief.

### C.  Claims against Officer A. Vawter and Sgt. K. Cork

Mr. Poole alleges that Officer A. Vawter used excessive force against him on November 6, 2011, when he slammed Mr. Poole, handcuffed and in his wheelchair, into a brick wall, causing injuries. The Court takes notice of the fact that Mr. Poole has brought this claim in an earlier lawsuit, but it was dismissed for failure to exhaust administrative remedies. *Poole v. Vawter,* 1:12-CV-233-JMS-MJD (S.D.Ind. Sept. 5, 2012). That dismissal was without prejudice. Mr. Poole has not alleged that he has since exhausted that claim, so for the time being, that claim is **dismissed** based on the earlier decision.

Mr. Poole further alleges that Officer A. Vawter constantly harassed him, paid an offender to place a weapon under his bunk, and stole personal property from Mr. Poole's cell in retaliation for Mr. Poole having filed suit against him. (Dkts. 1, 12-1, 23, 26.) This claim shall proceed.

With respect to defendant Sgt. K. Cork, Mr. Poole alleges that on May 9, 2012, Sgt. Cork ordered him out of his wheelchair even though it had been assigned to Mr. Poole by medical staff. When Mr. Poole objected, Sgt. Cork had Mr. Poole taken to segregation as a set up to place Mr. Poole in contact with Officer A. Vawter who had beaten Mr. Poole before, and so Officer A. Vawter could write up a false conduct report against Mr. Poole. To the extent Mr. Poole challenges the conduct report or disciplinary proceedings, this claim is **dismissed without prejudice** because he has not alleged that any finding of guilt was overturned or otherwise expunged. *See Heck v. Humphrey,* 512 U.S. 477, 487 (1994) and *Edwards v. Balisok,* 520 U.S. 641 (1997).

The claims that Sgt. K. Cork took Mr. Poole's wheelchair from him on May 9, 2012, paid an offender to place a weapon under Mr. Poole's bunk, and took personal commissary property, including a radio headphone, from Mr. Poole's cell, all in retaliation for Mr. Poole having a filed a lawsuit against his friend, Officer A. Vawter, shall proceed.

At this time, no final judgment shall issue as to those claims dismissed in this Entry.

### III. CONCLUSION

As discussed above, the claims against Mr. Robbins, "Tie Robbies," "Ty Robson," or "Tie Robbieson", Superintendent Smith, Mr. Renfro, Major Wagner, Investigator Stillwell, and Mr. Hartzell are **DISMISSED** for failure to state a claim upon which relief can be granted.

Further, the retaliation claims against defendants Officer A. Vawter and Sgt. K. Cork **SHALL PROCEED**.  The Clerk shall issue and serve process on these two defendants in the manner specified by Federal Rule of Civil Procedure 4(d)(2).  Process in this case shall consist of the Complaint filed on March 11, 2013 (Dkt. 1), the supplements filed on June 7, 2013 (Dkt. 12) and October 2, 2013 (Dkts. 21-29), applicable forms, and this Entry.

**SO ORDERED.**

Date: 01/09/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jason Poole, Jr., #945775
Miami Correctional Facility
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, Indiana  46914

Officer A. Vawter
Plainfield Correctional Facility
727 Moon Road
Plainfield, Indiana  46168

Sgt. K. Cork
Plainfield Correctional Facility
727 Moon Road
Plainfield, Indiana  46168

NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.