# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

JASON POOLE, JR.,              )
                                            )
                        Plaintiff,     )
                                            )
             v.                        )       Case No. 1:13-cv-00413-TWP-TAB
                                            )
OFFICER A. VAWTER, and SGT. K. CORK,   )
                                            )
                        Defendants.    )

## ENTRY GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
## AND DIRECTING ENTRY OF FINAL JUDGMENT

This matter is before the Court on Defendants Sgt. Cork and Officer Vawter's (collectively, "Defendants") Motion for Summary Judgment. Defendants seek resolution of the claims against them on the basis that Plaintiff Jason Poole Jr., ("Mr. Poole") failed to exhaust his available administrative remedies. For the reasons explained in this Entry, the Defendants' Motion for Summary Judgment (Filing No. 52) must be **GRANTED.**

## I. BACKGROUND

Mr. Poole is an Indiana state prisoner currently confined at the Miami Correctional Facility. The incidents at issue occurred at Plainfield Correctional Facility. Thereafter, Mr. Poole filed his Complaint on March 11, 2013, and supplemented it several times at the Court's direction. Two retaliation claims survived screening of the complaint. (Filing No. 31.) The first claim, asserted against Defendant Sgt. K. Cork, is that he took Mr. Poole's wheelchair from him on May 9, 2012, paid an offender to place a weapon under Mr. Poole's bunk, and took personal commissary property, including a radio head phone, from Mr. Poole's cell, all in retaliation for Mr. Poole having filed a lawsuit against his friend, Officer Vawter. The claim against Officer Vawter is that he constantly harassed Mr. Poole, paid an offender to place a weapon under his bunk, and stole

personal property from Mr. Poole's cell in retaliation for Mr. Poole having filed a lawsuit against him.

## II. DISCUSSION

### A. Legal Standards

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA'"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some

orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

**B.**    **Undisputed Facts**

On the basis of the pleadings and the expanded record, and specifically on the portions of that record which comply with the requirements of Rule 56(c), the following facts, construed in the manner most favorable to Mr. Poole as the non-movant, are undisputed for purposes of the motion for summary judgment:

Miami Correctional Facility has a grievance process in place which all offenders must exhaust. *See* [Filing No. 54-1](#), DOC Policy and Administrative Procedure No. 00-02-301. The administrative remedy available to prisoners regarding the conditions of their confinement is a three step grievance process. Miami Correctional Facility maintains a history of all grievances filed by Mr. Poole. There is no record of Mr. Poole ever grieving the issues raised in this lawsuit. He has completed the exhaustion process with respect to other issues, but none were about the retaliation claims asserted in this case.

Mr. Poole submitted a grievance dated November 15, 2011, which was received on or about November 28, 2011. ([Filing No. 56-1](#)). The grievance alleged that for no apparent reason when he was rolling his wheelchair in front of N-Dorm, Officer Vawter told him to go to the North-Dorm strip area. He alleges that he was handcuffed behind his back while in his wheelchair and Officer Vawter pushed him into a wall head first. No contraband was found and Mr. Poole was

written up for being disorderly. Mr. Poole sought a reprimand of the officer. The grievance was returned to him on December 5, 2011, for failure to indicate that he tried to resolve the complaint informally. On December 5, 2011, Mr. Poole submitted an affidavit to Mr. Penfold, grievance manager, requesting that his November 15, 2011, grievance be filed because he had made his informal resolution. In that affidavit, Mr. Poole also stated that if his grievance was ignored, he would like to proceed to the next step.

## C. **Analysis**

Sgt. Cork and Officer Vawter assert that no grievance was ever received by Mr. Poole relating to the claims brought in this action. Indeed, it is undisputed that Mr. Poole did not file any grievance relating to his retaliation claims. He argues that he did all he could to complete the exhaustion process with respect to an excessive force claim against Officer Vawter, but that is not a claim in this case. *See* Filing No. 31 (Screening Entry issued on January 9, 2014).[1] Mr. Poole did not discuss either of his retaliation claims in response to this motion for summary judgment.

Because it is undisputed that Mr. Poole failed to complete the exhaustion process with respect to the retaliation claims asserted against Sgt. Cork and Officer Vawter in this action, in light of 42 U.S.C. § 1997e(a), the claims against them should not have been brought and must now be dismissed without prejudice. *See Ford,* 362 F.3d at 401 ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

---

[1] The Court notes that Mr. Poole had previously brought an excessive force claim against Officer Vawter concerning the November 6, 2011 incident, but that claim was dismissed in Case No. 1:12-cv-233-JMS-MJD (S.D.Ind. Sept. 5, 2012) for failure to exhaust. At screening of this complaint, Mr. Poole's attempt to bring that claim again was unsuccessful because the Court noted that Mr. Poole had not alleged that since the dismissal of the earlier action, he had exhausted that claim. The excessive force claim was dismissed in this case based on the earlier decision. The Court will not reconsider the same arguments presented in the 2012 case.

### III. CONCLUSION

For the reasons explained above, the Motion for Summary Judgment filed by Defendants

Sgt. Cork and Officer Vawter (Filing No. 52) is **GRANTED.** Final judgment consistent with this

Entry and with the Entry of January 9, 2014 shall now issue.


**SO ORDERED.**


Date:  4/8/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jason Poole, Jr., #945775
Miami Correctional Facility
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, Indiana  46914

April Wilson
OFFICE OF THE INDIANA ATTORNEY GENERAL
April.Wilson@atg.in.gov